United States District Court
Southern District of Texas
**ENTERED**
October 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DONDRE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:23-CV-00008 |
| | § | |
| CUERO POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Dondre Carter is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently assigned to the Estelle Unit in Huntsville, Texas.   However, the facts of this case arise prior to Plaintiff's current incarceration.

On November 3, 2022, Plaintiff was at a motel in Cuero, Texas with his acquaintance Stephanie Rios. Two armed and masked men entered the motel room and robbed Ms. Rios. The facts of the underlying offense are set forth in more detail in *State v. Carter*, No. 13-24-00147-CR, 2024 WL 3448884 (Tex. App. -- Corpus Christi July 18, 2024) (mem. op., not designated for publication).  Ms. Rios believed Plaintiff was involved in the robbery because she saw Plaintiff making hand gestures to the masked men during the robbery and, shortly after the robbery, she saw Plaintiff at a convenience store with persons who matched the description of the robbers. Officer Banda arrested Plaintiff and he was subsequently charged in two indictments with aggravated robbery and engaging in organized criminal activity.  *State v. Carter*, No. 23-02-13,996 (24th Dist. Ct., DeWitt Cty., Tex.) and *State v. Carter*, No. 23-02-13,997,  (24th Dist. Ct., DeWitt Cty., Tex.).

At the time of the robbery, Plaintiff was on felony deferred adjudication probation for aggravated assault with a deadly weapon. *State v. Carter*, No. 21-07-13,613, (24th Dist. Ct., DeWitt Cty., Tex.). The State of Texas filed a motion to revoke Plaintiff's probation based on the November 3, 2022 robbery and several technical violations.

Plaintiff filed this action on January 9, 2023, naming the Cuero Police Department, Officer J. Banda, and Captain Ellis as Defendants. Plaintiff alleged he was falsely arrested for an armed robbery he did not commit. Plaintiff sought recovery of monetary damages and the dismissal of the new charges. On April 7, 2023, in a written order, the undersigned cautioned plaintiff of pleading deficiencies and instructed Plaintiff to file an amended complaint. Plaintiff was further directed to answer a questionnaire. (D.E. 14). Plaintiff complied and the Court received Plaintiff's complaint and questionnaire on April 17, 2023. (D.E. 15, D.E. 17).

On May 10, 2024, the undersigned held the first of two evidentiary hearings to allow Plaintiff the opportunity to explain his claims.[2] After the first *Spears* hearing the undersigned stayed the case to allow the state criminal proceedings to run their course. (D.E. 18). The stay was necessary to determine whether Plaintiff's claims would be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994); *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 F. App'x 613 (5th Cir. 2005). On August 26, 2024, Plaintiff filed a motion to lift the stay explaining that the aggravated robbery and

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.* The court ascertains at this procedural stage whether the complaint is adequate to permit the prisoner to litigate his claims pursuant to § 1915(d). *Id.* at 182.

engaging in organized criminal activity had been dismissed. (D.E. 26). Plaintiff further explained his probation was revoked because of the robbery allegation and he was sentenced to 40 years custody. (D.E. 26). The undersigned lifted the stay on August 27, 2024. (D.E. 28).

A second *Spears* hearing was held on October 21, 2024, at which Plaintiff was given a further opportunity to explain his claims. The undersigned also confirmed with Plaintiff the procedural history set forth above. Plaintiff continues to maintain that he was not involved in the robbery of Ms. Rios and that the 40-year revocation sentence was excessive. The undersigned also explained to Plaintiff that this civil action will likely be dismissed in accordance with the holding in *Heck*.

## III.    LAW AND ANALYSIS

### A.  Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an

indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

**B.  *Heck v. Humphrey***

Plaintiff alleges he was falsely arrested and falsely charged with robbery. He maintains he had nothing to do with the robbery of Ms. Rios.  Plaintiff seeks to hold the arresting officer J. Banda, his supervisor Captain Ellis, and the Cuero Police Department responsible. Regardless how Plaintiff attempts to characterize his claims, they effectively seek to challenge the validity of his probation revocation or the lawfulness of his arrest.

Plaintiff's claims against Defendants are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.  The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann v. Denton Cty., Tex.s*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

The principles of *Heck* have been found applicable in the context of a probation revocation.  *See Bell v. Morgan*, No. 5:22-CV-135-BQ, 2023 WL 9953950 (N.D. Tex. Aug. 10, 2023) (finding the plaintiff's claims concerning the validity of a sex offender registration statute were *Heck* barred where the plaintiff's probation was revoked, in part, for failing to register). The Court in *Bell* cited several similar cases supporting this result.

*See Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995) (per curiam) (applying *Heck* bar to claim challenging search and seizure that led to criminal charges, which in turn resulted in probation revocation); *Cougle v. Cty. of DeSoto*, 303 F. App'x 164, 165 (5th Cir. 2008) (per curiam) (affirming dismissal because "the allegations of unlawful search and arrest in this case, if true, would necessarily imply the invalidity of the revocation of [prisoner's] probation, which was based, at least in part, on the same search and arrest," and prisoner had "not demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question"); *Gilliam v. City of Fort Worth*, 187 F. App'x 387, 388 (5th Cir. 2006) (per curiam) (concluding that although appellant "was acquitted of the criminal charge stemming from his arrest," a judgment in his favor involving that arrest would imply the invalidity of his subsequent probation revocation).

Lastly, Plaintiff cannot challenge the legality of his confinement or seek his immediate release from confinement in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Such claims may only be raised in a petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

## IV.    CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that all Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.

It is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The **Clerk of Court** is directed to mail this Memorandum and Recommendation by certified mail return receipt requested to Plaintiff at his current address. *Plaintiff is no longer assigned to the Garza West Unit*. The **Clerk of Court** is further directed to obtain Plaintiff's current TDCJ unit of assignment from the TDCJ inmate locator which is available online. Plaintiff recently testified his unit of assignment is the TDCJ Estelle Unit in Huntsville, Texas, although the Court has not yet received Plaintiff's Notice of Change of Address.

Respectfully submitted on October 23, 2024.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).